IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAINT-GOBAIN GLASS FRANCE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | **Civ. A. No. 1:06-cv-00446-JJF** |
| | ) | |
| AUTOMOTIVE COMPONENTS | ) | |
| HOLDINGS, LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## AUTOMOTIVE COMPONENTS HOLDINGS, LLC's OPENING BRIEF IN SUPPORT OF ITS MOTION TO IMPLEAD SOLUTIA, INC. AS A THIRD-PARTY DEFENDANT

CONNOLLY BOVE LODGE & HUTZ LLP
Collins J. Seitz, Jr. (#2237)
Kevin F. Brady  (#2248)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
Tel: (302) 658-9141

*Attorneys for Defendant/Counter-Plaintiff/Third-Party Plaintiff*

OF COUNSEL:
Ernie L. Brooks   (P22875)
Frank A. Angileri  (P45611)
Brian S. Tobin  (P67621)
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:  (248) 358-4400
Fax:  (248) 358-3351

DATED: March 30, 2007

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       A.    Impleader Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       B.    The Joinder Of Solutia, Inc.
             Should Be Permitted In This Case . . . . . . . . . . . . . . . . . . . . . . . 2

             1.    Saint-Gobain Will Not Suffer Prejudice As
                   A Result Of The Joinder Of Solutia . . . . . . . . . . . . . . . . . 3

             2.    The Joinder Of Solutia Will Not Complicate Issues At Trial . . 3

             3.    The Joinder Of Solutia Is Not Likely To Delay The Trial . . . . 4

             4.    ACH's Motion to Implead Solutia is Timely . . . . . . . . . . . 4

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

-i-

## TABLE OF AUTHORITIES

**CASES**                                                                 **Page**

*Remington Arms Co. v. Liberty Mutual Ins. Co.,*
    748 F.Supp. 1057 (D.Del. 1990)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*U.S. v. New Castle County,*
    111 F.R.D. 628 (D.Del. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES**

Fed. R. Civ. P. 14(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## I. STATEMENT OF FACTS

The underlying action is an action for patent infringement filed by Saint-Gobain Glass France ("Saint-Gobain") against Automotive Components Holdings, LLC ("ACH").  ACH seeks to implead Solutia, Inc. ("Solutia") as a third-party defendant because Solutia is ACH's supplier of acoustic vinyl used in the alleged infringing glazings.  If ACH is held to be liable for patent infringement, Solutia is contractually bound to indemnify ACH for its liability.  Accordingly, Solutia is a necessary party to this action.

Saint-Gobain and ACH have been engaged in significant settlement discussions since the beginning of this case.  However, the Scheduling Order deadline for moving to add parties is March 30, 2007.  Accordingly, ACH is filing this motion.

## II.  ARGUMENT

### A.    Impleader Standard

Fed. R. Civ. P. 14(a) provides, in pertinent part:

> **(a) When Defendant May Bring in Third Party.**  At any time after commencement of the action a defending party, as third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's  claim against the third-party plaintiff.  The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

Joinder of third-party defendants under Rule 14 rests with the sound discretion of the trial court. *Remington Arms Co. v. Liberty Mutual Ins. Co.*, 748 F.Supp. 1057, 1068 (D.Del. 1990) (citations omitted).

### B.    The Joinder Of Solutia, Inc.
####        Should Be Permitted In This Case

ACH is making a timely request to join Solutia as a third-party defendant in this case.  Courts have considered many factors in determining whether to permit the joinder of third-party defendants including: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead.  *Id.*  These factors point toward granting this motion.

-2-

1.    **Saint-Gobain Will Not Suffer Prejudice As**
       **A Result Of The Joinder Of Solutia**

Saint-Gobain will not suffer prejudice as a result of the joinder of Solutia. The joinder of Solutia will help to adjudicate this matter more timely. Further, discovery has yet to begin between the parties so, to the extent Saint-Gobain requires discovery from Solutia, it will have the opportunity to do so. Finally, the joinder of Solutia will expedite resolution/settlement of Saint-Gobain's claims to the extent Solutia needs to have input.

2.    **The Joinder Of Solutia Will Not Complicate Issues At Trial**

Joinder of Solutia as a third-party defendant in this suit will help reduce any complications that could arise in this suit. Given the terms of the Agreement between ACH and Solutia, Solutia must indemnify ACH from any finding of infringement by ACH in this suit. *U.S. v. New Castle County*, 111 F.R.D. 628, 636 (D.Del. 1986). It is best to join Solutia into this matter now so that discovery may be completed with all parties involved resolving all common legal issues. *Id.* at 636. If Solutia contests its potential liability, it is best raised here, in a single suit. *Id.* at 636.

-3-

### 3.     The Joinder Of Solutia Is Not Likely To Delay The Trial

The joinder of Solutia is unlikely to delay the trial. This action is still at an early phase. Discovery has not yet been exchanged between the parties. Accordingly, Solutia is in the same position as ACH and Saint-Gobain and its addition would not require moving the calendar beyond any extensions needed by both Saint-Gobain and ACH, in the event settlement discussions fail.

### 4.     ACH's Motion to Implead Solutia is Timely

ACH's motion is timely. ACH is seeking to implead Solutia before any substantive discovery by either side.

-4-

## III.  CONCLUSION


For the foregoing reasons, ACH asks this Court to grant its motion to implead Solutia as a third-party defendant in this case.

CONNOLLY BOVE LODGE & HUTZ LLP

      */s/ Collins J. Seitz, Jr.*
        Collins J. Seitz, Jr. (#2237)
        Kevin F. Brady  (#2248)
        **CONNOLLY BOVE LODGE & HUTZ LLP**
        1007 N. Orange Street
        P.O. Box 2207
        Wilmington, DE  19899
        Tel: (302) 658-9141

        *Attorneys for Defendant/Counter-*
        *Plaintiff/Third-Party Plaintiff*

OF COUNSEL:

Ernie L. Brooks   (P22875)
Frank A. Angileri  (P45611)
Brian S. Tobin  (P67621)
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:  (248) 358-4400
Fax:  (248) 358-3351
Email: ebrooks@brookskushman.com
     fangileri@brookskushman.com
     btobin@brookskushman.com


DATED: March 30, 2007

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2007, I electronically served the foregoing document by using CM/ECF to counsel of record as follows:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

and by first class mail to:

Arthur I. Neustadt
Jean-Paul Lavalleye
Aarti Shah
**OBLON SPIVAK McCLELLAND
   MAIER & NEUSTADT, P.C.**
1940 Duke Street
Alexandria, VA 22314

　　　　　　　　　　　　　　　　 */s/ Collins J. Seitz, Jr.*
　　　　　　　　　　　　　　　　　Collins J. Seitz, Jr. (#2237)
　　　　　　　　　　　　　　　　　CONNOLLY BOVE LODGE & HUTZ LLP
　　　　　　　　　　　　　　　　　1007 N. Orange Street
　　　　　　　　　　　　　　　　　P.O. Box 2207
　　　　　　　　　　　　　　　　　Wilmington, DE  19899